## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**NICHOLAS ADDISON,**
**AUSTIN HORRIN, and**
**DONALD HAVENS**                                                                                  **PLAINTIFFS**

V.                              CASE NO. 3:15-CV-00388 DPM/BD

**BRYAN BUTTI and**
**MELLISA QUALLS**                                                                                  **DEFENDANTS**

### INITIAL ORDER FOR PRO SE PRISONER-PLAINTIFFS

You have filed this federal civil rights lawsuit pro se, that is, without the help of a lawyer.  There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.**  You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas.  Copies of rules can be found in the jail library.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs, like you, who are not represented by a lawyer:

1. You must promptly notify the Clerk and the other parties in the case of any change in address.  You must inform the court if you are transferred from one unit to another.  Notifying the court of your change in address is especially important if you are released from custody while your lawsuit is pending.  If you do not keep the court informed as to your current address, your lawsuit can be dismissed.
2. You must monitor the progress of your case and prosecute the case diligently.
3. You must sign all pleadings and other papers filed with the court, and each paper you file must include your current address.
4. If you fail to timely respond to a Court Order directing action on your part, the case may be dismissed, without prejudice.

**Second: Pay the Filing Fee.**  Every civil case filed by a prisoner – including this one – requires the plaintiff to pay a filing fee either at the beginning of the lawsuit or, if he cannot afford to pay the entire fee in a lump sum, to apply to proceed *in forma pauperis* ("IFP").

Because of Mr. Addison's litigation history, he cannot proceed IFP in federal court absent an allegation that he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Here, Mr. Addison has not pleaded sufficient facts to allege imminent danger of serious injury.  **Therefore, his IFP application (docket entry #1) is DENIED.**

**If Mr. Addison wishes to proceed with this action, he must pay the $400.00 filing fee within thirty (30) days.  Failure to pay the fee will result in the dismissal of Mr. Addison's claims.**

Neither Mr. Horrin nor Mr. Havens has filed a complete IFP application; nor has either paid the statutory filing fee.  **If these individuals seek to proceed with this lawsuit, they must each file either a complete IFP application or pay the $400 statutory filing fee within thirty days.  The Clerk of the Court is directed to provide IFP applications to Mr. Horrin and Mr. Havens along with a copy of this Order.  Failure to comply with this Order will result in the dismissal of Mr. Horrin's and Mr. Havens's claims.**

**Third: No Right to Appointed Counsel.**  This is a civil case.  Unlike criminal cases, there is no right to have an appointed lawyer in a civil case.  If your case proceeds to a jury trial, however, a lawyer will be appointed to assist you before trial.

**Fourth: Do Not File Your Discovery Requests.**  Discovery requests, such as interrogatories and requests for documents, are not to be filed with the court.  Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer).  No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Fifth: Do Not Send Documents to Court Except in Two Situations.**  You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the court orders you to send documents or other evidence.

**Sixth: Provide a Witness List.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will subpoena necessary witnesses.

IT IS SO ORDERED, this 9th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE